UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**AFSHIN BAHRAMPOUR**,

                Plaintiff,

v.

**DEPARTMENT OF THE ARMY**,

                Defendant.

Civil No.: 1:22-cv-00710-JRR

## MEMORANDUM OPINION

This matter comes before the court on Defendant Department of the Army's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 7; the "Motion.") The court has reviewed all submissions on the Motion. No hearing is necessary. Local Rule 105.6 (D. Md. 2021).

### BACKGROUND[1]

On August 26, 2020, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the Department of the Army. (Complaint, ECF No. 1, p. 2.) On March 1, 2021, the Army FOIA Office received Plaintiff's FOIA request, and requested that Plaintiff provide clarification because the request was too broad. (Motion, ECF No. 7-1, p. 2.) On March 9, 2021, Plaintiff submitted clarification and sought records pertaining to the following:

> Bioeffects of non-lethal weapons, microwave hearing or microwave auditory effect, Frey effect, voice to skull devices, including silent audio devices, radio frequency radiation auditory effect in humans, (also, RFR auditory effect in humans, synthetic telepathy, electronic brain link or EBL, P300 brain wave technology, remote neutral monitoring or RNM, targeted neuroplasticity training or T.N.T., communicating via the microwave auditory effect (see SBIR F41624 95C907), contracts, purchase orders, or solicitations, or research involving Digital Receiver Technologies, Inc., which involve proprietary

---

[1] For purposes of adjudicating the Motion, the court accepts as true all well-pled facts set forth in the Complaint.

> equipment used as (of for) cell site simulators and digital voice interception, contracts, purchase orders, or solicitations, or research involving Sierra Nevada Corporation for a device named M.E.D.U.S.A. or mob excess deterrent using silent audio.

(ECF No. 11-1; Opposition, Ex. 1.)

By letter of July 1, 2021, Joseph Walukonis from the Army FOIA Office informed Plaintiff that his "[r]equests for information and documents under the purview of the Army are referred to the proponent agency for appropriate handling and the proponent of the requested records in accordance with Army Regulation 25-55 (The Army Freedom of Information Act Program)." (*Id*.) The letter explained that, following research on Plaintiff's request, the Army FOIA Office referred Plaintiff's request to four different activities for processing and direct response to Plaintiff: (1) HQ U.S. Army Intelligence and Security Command; (2) U.S. Army Futures Command; (3) CDR, USA MRMC; and (4) U.S. Army Combat Capabilities Development Command. (*Id*.) On September 23, 2021, Plaintiff received a response to his FOIA request from the U.S. Army Intelligence and Security Command, which included one document titled "Bioeffects of Non-lethal Weapons." (ECF No. 1, p. 3.)

On March 23, 2022, Plaintiff initiated this action under FOIA, 5 U.S.C. § 552, seeking a "court order for release of all responsive records and adequate searches for such responsive records and prevention of Defendants from using privileges to shield government misconduct or malfeasance or the use of FOIA exemptions to shield government misconduct in 'special access programs.'" (*Id.* at p. 4.) The Complaint alleges that "responsive records are being improperly withheld in the above referenced FOIA letter response which has FOIA case #0303F-21 and FOIA control number FP-21-021072 associated with plaintiffs request." (*Id.* at p. 3.) The Complaint omits to mention whether Plaintiff pursued an administrative appeal to address his dissatisfaction with the outcome of his FOIA request prior to filing this civil action. Defendant moves to dismiss

the Complaint for lack of subject matter jurisdiction (per Rule 12(b)(1)) or, alternatively, for failure to state a claim (per Rule 12(b)(6)), because Plaintiff failed to exhaust his administrative remedies. (ECF No. 7.) Plaintiff filed a brief in opposition and Defendant filed a reply in support of the Motion.

## LEGAL STANDARDS

**Federal Rule of Civil Procedure 12(b)(1)**

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "A failure to exhaust administrative remedies under FOIA deprives the courts of subject matter jurisdiction, requiring analysis under Rule 12(b)(1) at the motion to dismiss stage."[2] *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 U.S. Dist. LEXIS 18223, *5 (D. Md. Feb. 8, 2017); *see Pair v. SSA*, No. RDB-15-1458, 2016 U.S. Dist. LEXIS 22863, at *10 (D. Md. Feb. 25, 2016) (finding that the court does not have subject matter jurisdiction over the plaintiff's FOIA claim because he failed to exhaust his administrative remedies); *Scott v. United States Atty. Offices*, No. RDB-18-725, 2019 U.S. Dist. LEXIS 79726, at *11 (D. Md. May 10, 2019) (dismissing claims for lack of jurisdiction because there is no "evidence that the plaintiff exhausted his administrative remedies as to any Agency final decision at issue here.").

---

[2] Plaintiff, implicitly conceding that he did not pursue an administrative appeal, argues that "exhaustion under FOIA is a jurisprudential consideration, rather than a jurisdictional one." (ECF No. 11, p. 1.) The court is aware of one Fourth Circuit case that analyzed "the sufficiency of the allegations in the [c]omplaint concerning administrative exhaustion under Rule 12(b)(6)." *McKenzie-El v. IRS*, No. ELH-19-1956, 2020 U.S. Dist. LEXIS 31455, at *26 (D. Md. Feb. 24, 2020). In *McKenzie-El*, the court dismissed the plaintiff's FOIA claim under Rule 12(b)(6) because "there [was] no allegation that [the] plaintiff exhausted his administrative remedies by seeking further review from the IRS of its initial response to his request." *Id.* In this case, whether reviewed under 12(b)(1) or 12(b)(6), the result is the same. The Complaint does not aver or suggest that Plaintiff exhausted his administrative remedies, and Plaintiff's Opposition makes it plain that, in fact, he did not.

Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge. *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Id.*

Defendant asserts both a facial challenge and a factual challenge. Defendant presents a facial challenge on the basis that the Complaint fails to state (or demonstrate by attachment, for example) that Plaintiff exhausted his administrative remedies. (ECF No. 7, p. 5.) "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Kerns*, 585 F.3d at 192). Defendant's factual challenge asserts "there is, in fact, no record of Plaintiff filing an appeal prior to initiating this lawsuit." (ECF No. 7-1, p. 5.) "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Kerns*, 585 F.3d at 192). Further, in a factual challenge, "the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Id.* (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 391, 398 (4th Cir. 2004)).

**ANALYSIS**

As an initial matter, the court is ever-mindful that "pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro*

*Area Transit Auth.*, No. DKC-16-1792, 2017 U.S. Dist. LEXIS 18223, *6 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* Further, "[t]hough it is ordinarily true that a party cannot amend its pleading through briefing, as part of the 'duty to construe pro se pleadings liberally,' courts may consider allegations in a response to a motion to dismiss, even if they were not included in the original complaint." *Johnson v. UPS, Inc.*, No. JKB-19-1916, 2020 U.S. Dist. LEXIS 7636, at *11 (D. Md. Jan. 15, 2020); *see Van Orden v. City of Port Jervis*, No. 20-07207 (PMH), 2022 U.S. Dist. LEXIS 94195, at *3 n. 4 (S.D. N.Y. May 25, 2022) ("Given the liberality afforded pro se litigants, it is appropriate to consider new allegations in a pro se plaintiff's opposition memorandum where they are consistent with the allegations in the pleading."). To the extent that Plaintiff does not seek to add new claims in his opposition brief, and only provides additional details supporting the claims he has already alleged, the court may consider the additional information provided by Plaintiff in his Response to Defendant's Motion to Dismiss. *Johnson*, *supra*.

I. **Freedom of Information Act**

FOIA "provides a mechanism for citizens to obtain documents from federal agencies, and grants federal district courts jurisdiction to review agency compliance with citizens' requests." *Shortall v. Baltimore Dist. U.S. Army Corps of Engineers*, No. WMN-14-3904, 2015 U.S. Dist. LEXIS 72823, at *3 (D. Md. June 4, 2015). FOIA requires that "each agency upon any request for records which reasonably describes such records . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "A federal court only has jurisdiction to device a remedy upon a showing that the agency has improperly withheld agency records." *Elliott v. Beltsville*

*Agric. Rsch. Ctr.*, 2020 U.S. Dist. LEXIS 31483, at *4 (D. Md. Feb. 19, 2020) (citing *Kissinger v. Rep. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).

### A. Exhaustion

"Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Failure to exhaust administrative remedies, however, is not an automatic bar to judicial review and "courts usually look at the purposes of exhaustion and the particular administrative scheme in deciding whether they will hear a case or return it to the agency for further processing." *Id.*

The statutory scheme for FOIA provides for an administrative appellate process:

> Each agency, upon request for records . . . shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of in the case of an adverse determination the right of such person to appeal to the head of the agency, within a period determine by the head of the agency that is not less than 90 days after the date of such adverse determination

5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). In addition,

> Each agency, upon request for records shall make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

5 U.S.C. § 552(a)(6)(A)(ii). Moreover, "[c]ourts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Oglesby*, 920 F.2d at 61-62.

Plaintiff alleges that on August 26, 2020, he sent a FOIA request to Defendant, and, on September 23, 2021, he received a response to his request from the U.S. Army Intelligence and

Security Command. (ECF No. 1 at pp. 2-3.) He alleges that he received one responsive document: "[t]his unclassified report from 16 March 2010 was the only document released as responsive to Plaintiff Bahrampours [sic] FOIA Request." (*Id.* p. 3.) Based upon the response from the U.S. Army Intelligence and Security Command to his FOIA request, Plaintiff alleges that "responsive records are being improperly withheld." (*Id.*) Defendant attaches to its Motion the declaration of Mr. Michael Heaton, Director of the U.S. Army Intelligence and Security Command FOIA Office.[3] (ECF No. 7-4.) The declaration avers that Mr. Heaton received an email from the Army FOIA Office related to Plaintiff's case and that, subsequently, the U.S. Army Intelligence and Security Command opened internal case number 0303F-21. (*Id.* at p. 3.) A search for documents responsive to Plaintiff's request resulted in identification of one responsive record titled "Bioeffects of Selected Nonlethal Weapons." (*Id.* at p. 5.) The responsive record was released to Plaintiff in full and the U.S. Army Intelligence and Security Command received no appeals to the final release. (*Id.* at p. 6.)

Plaintiff's Complaint does not allege that he utilized the administrative appeals process to resolve his FOIA request; his Opposition to the Motion argues that such an appeal is not a barrier to his Complaint (thus, implicitly conceding that none was filed); and Mr. Heaton's declaration asserts that the U.S. Army Intelligence and Security Command received no appeal regarding Plaintiff's case. Plaintiff must utilize the administrative appeals process to resolve any FOIA request prior to seeking judicial review. *Oglesby*, *supra*. Accordingly, judicial review of Plaintiff's FOIA request is precluded at this time.

---

[3] As discussed *supra*, Defendant presents a factual challenge to subject matter jurisdiction and therefore, "the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Id.* (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 391, 398 (4th Cir. 2004)).

### B. Futility and Constructive Exhaustion

Plaintiff argues that he is not required to exhaust administrative remedies because an administrative appeal would have been futile. (ECF No. 11, p. 1.) Plaintiff further argues that, should the court find that an administrative appeal would not have been futile, the doctrine of constructive exhaustion applies because only one sub-agency replied to his request and the other three sub-agencies did not provide a response. (*Id.*)

"Absent a clear showing that an administrative agency has taken a hard and fast position that makes an adverse [appellate] ruling a certainty, a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion." *Thetford Properties IV Ltd. Partnership v. U.S. Dep't of Housing & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990). Further, "[t]o allow appellants to avoid the administrative process on their unsupported allegation of futility would allow the futility exception to swallow the exhaustion rule." *Id.* Plaintiff does not allege how an appeal of his FOIA request would be futile. Accordingly, the court finds that the futility exception does not apply.

Under FOIA, "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limits provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i). "However, this so-called 'constructive exhaustion ceases to offer a basis for judicial action once an agency actually responds.'" *Schwaner v. Dep't of the Army*, 696 F. Supp. 2d 77, 80 (D.D.C. 2010) (quoting *Smith v. Fed. Bureau of Investigation*, 448 F. Supp. 2d 216, 220 (D.D.C. 2006)). "[I]n order to foreclose constructive exhaustion and require a requester to file an administrative appeal, an agency need only satisfy the requirements of 5 U.S.C. § 552(a)(6)(A)." *Nat'l Sec. Counselors v. CIA*, 913 F. Supp. 2d 77, 97 (D.C. Cir. 2013). Ultimately, "[c]onstructive exhaustion

in the FOIA is a privilege granted only to individuals whose requests for records have essentially been ignored by the agency, and it is a privilege reserved for a situation in which agency has resulted in a 'fail[ure] to comply with the applicable time limits provisions of 5 U.S.C. § 552(a)(6).'" *Nat'l Sec. Counselors*, 913 F. Supp. 2d at 97 (quoting 5 U.S.C. § 552(a)(6)).

Although the U.S. Army Intelligence and Security Command did not respond within the 20-day window provided for in the statute, the U.S. Army Intelligence and Security Command responded before Plaintiff initiated this action. Plaintiff does not allege that his FOIA request was ignored by the U.S. Army Intelligence and Security Command; instead, he agrees that he received a response before he initiated this suit, but urges that the court should nonetheless afford him the benefit of constructive exhaustion. The court disagrees. Constructive exhaustion does not apply to Plaintiff's request, and judicial review of Plaintiff's FOIA request is not proper until he exhausts his administrative remedies.[4]

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 7) is granted. Plaintiff may file an amended complaint no later than twenty days from entry of this opinion and accompanying order. Plaintiff is cautioned to abide the Federal Rules of Civil Procedure and the Local Rules of this court should he elect to amend his Complaint

---

[4] Within his opposition to the Motion, Plaintiff requests leave to amend his Complaint and raises new allegations (not contained in the Complaint) about three additional sub-agencies within the Department of the Army that he alleges received, and failed to respond to, his FOIA request (ECF No. 11 at p. 4.) Plaintiff's Complaint makes no mention of these other sub-agencies; his allegations pertain to one army activity – the U.S. Army Intelligence and Security Command. In the context of ruling on the Motion based on the Complaint as filed, the court declines to consider new allegations against additional sub-agencies within the Department of the Army, as doing so would deprive Defendant of notice and an opportunity to respond. The court, however, will grant Plaintiff leave to amend his Complaint within 20 days of this opinion and accompanying order. Plaintiff is cautioned to abide the Federal Rules of Civil Procedure and the Local Rules of this court should he elect to amend his Complaint by adding new allegations and/or parties. Further, should Plaintiff not amend his Complaint within the provided timeframe, the court will close this case.

by adding new allegations and/or parties. If Plaintiff fails to file an amended complaint within the time permitted, the court will close this case without further notice.

      A separate order follows.

/S/

_____
Julie R. Rubin
United States District Judge

January 15, 2023